**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANGEL JONES, | ) | CASE NO: 1:06 CV 02332 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| ALLTEL OHIO LIMITED PARTNERSHIP, | ) ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION & ORDER** |

This matter is before the undersigned Magistrate Judge pursuant to the consent of the parties. (Doc. No. 14.)  On August 21, 2006, Plaintiff Angel Jones ("Jones") filed a Complaint in the Court of Common Pleas for Cuyahoga County.  On September 26, 2006, Defendant Alltel Ohio Limited Partnership ("Alltel") removed the case to this Court. (Doc. No. 1.)  Pending before the Court is Alltel's Motion to Dismiss[1] (Doc. No. 3), Jones's Motion to Amend the Complaint *Instanter* (Doc. No. 6), and Jones's Motion to Remand to state court. (Doc. No. 8.)

### I. Factual Background

Jones has made the following factual allegations.  She was a customer of Alltel since

---

[1] Although Jones sought and was granted an extension of time until November 13, 2006 to respond to Alltel's Motion to Dismiss, no response has been filed as of today's date.  Jones, therefore, has waived her legal arguments opposing Alltel's Motion to Dismiss and, apparently, has adopted the position the proposed Amended Complaint both addresses Alltel's objections to the Complaint and the deficiencies in the Complaint.

approximately 2001 and always paid her balance in full and in a timely manner. (Compl. ¶¶6-7; Amended Compl. ¶¶4-5.) On or about June 18, 2003, she was arrested and placed in jail for over twenty-one (21) days. (Compl. ¶9; Amended Compl. ¶¶6-7.) During her time in jail, a new and/or additional telephone was placed on her wireless account with Alltel and telephone calls were in an amount made that significantly exceeded her typical usage. (Compl. ¶¶10-11; Amended Compl. ¶¶8-9.) She discovered the fraud on her account while she was on bail and allegedly alerted Alltel of her situation and the allegedly improper charges. (Compl. ¶¶12-13; Amended Compl. ¶¶10, 18.) Jones contends that despite this information, Defendant Alltel persisted in the following behavior: making repeated and harassing attempts to recover payments for the charges; failing to investigate Jones's claims; and reporting Jones as delinquent to credit bureaus. (Compl. ¶¶15-22; Amended Compl. ¶¶21-22 .) In her Amended Complaint, Jones alleges that she notified a credit bureau that also contacted Alltel. (Amended Compl. ¶¶18, 35.) However, subsequent to the submission of the Complaint and Amended Complaint, Jones and Alltel have filed a Stipulation of Fact that states, until the filing of this lawsuit, Alltel never received any notice from Jones regarding the allegations contained in her Complaint, including her dispute of charges made to her Alltel account while she was incarcerated and the alleged theft of her identity. (Doc. No. 17.)

## II. Standard

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and construed most favorably toward the

non-movant. *Mayer v. Mylod,* 988 F.2d 635, 637 (6th Cir. 1993). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

### III. Analysis

The Court shall consider Jones's Motion to Amend her Complaint in conjunction with Alltel's Motion to Dismiss. "[I]t is well settled law that [a] district court may deny a motion to amend if the court concludes that the pleading as amended could not withstand a motion to dismiss." *Martin v. Assoc. Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986), *citing Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980); *see also Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

In her initial Complaint, Jones vaguely alleges that Alltel violated the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"). The Amended Complaint, which the Court will consider, does not cure the deficiencies addressed in Alltel's Motion to Dismiss, but does offer a modicum of greater clarity than the initial Complaint. Therefore, Jones's Motion to Amend (Doc. No. 6) is GRANTED.[2] The actual counts set forth in

---

[2] Alltel will incur no prejudice as a result of the granting of Jones's motion, as the Court shall construe Alltel's Motion to Dismiss as applicable to the Amended Complaint and Alltel also expanded on its arguments in its Memorandum In Opposition to Jones's Motion to Amend. (Doc. No. 10.) Most notably, the ultimate disposition of the case is not affected by granting Jones's motion to amend the complaint.

Jones's Complaint are discussed below.

**A.     Count One: Harassment**.

Jones alleges that she has been "harassed" by Alltel by virtue of unwarranted phone calls and correspondence. (Compl. ¶23; Amended Compl. ¶23.) For purposes of Alltel's Motion to Dismiss, there is no substantive difference between Count I as alleged in the two complaints. Jones merely avers that such conduct violates Ohio law. (Compl. ¶¶24-29; Amended Compl. ¶¶24-30.) Alltel argues that Ohio law does not recognize a cause of action for harassment and that it is exempt from a harassment action brought pursuant to the FDCPA and exempt as a furnisher of credit information pursuant to the FCRA. (Doc. No. 10 at 2-3; Doc. No. 3 at 2-3.) Jones has not responded to Alltel's argument and has failed to draw this Court's attention to any statutory or common law cause of action for harassment outside of the employment context.[3] As there is no actionable claim known as harassment is the state of Ohio, Alltel's Motion to Dismiss is GRANTED with respect to Count I .

In its Motion to Dismiss, Alltel construes Count I of Jones's initial Complaint as a claim arising under FDCPA.[4] The FDCPA, 15 U.S.C. § 1692d, prohibits harassment or abuse by a debt collector. Alltel argues that it is not a "debt collector" pursuant to 15 U.S.C. § 1692a(6), which excludes from the definition of "debt collector" a party trying to collect a debt owed to it under its own name. (Doc. No. 3 at 2-3.) The FDCPA only prohibits harassment by a debt collector and exempts a consumer's original creditor to whom the debt is owed. *See*

---

[3] A review of Ohio law regarding the viability of "harassment" claims has only uncovered actionable claims for sex or race based harassment at the workplace under Ohio R.C. § 4112.02, which is wholly inapplicable to the allegations in this action.

[4] The Amended Complaint omits any mention of FDCPA.

4

*Montgomery v. Huntington Bank*, 346 F.3d 693 (6th Cir. 2003) (affirming the dismissal of a debtor's FDCPA claim against creditor bank that sought to collect sums owed.)  Therefore, to the extent that either Count I of the original Complaint or the Amended Complaint attempts to allege a cause of action for harassment under the FDCPA, such a claim is DISMISSED.

**B.      Count Two: Failure to Correct or Investigate Jones's Account**.

Jones alleges that Alltel has misrepresented the status of her account and has failed to take any action to correct her account or to investigate her claims of fraud despite being put on notice.  (Compl. ¶34; Amended Compl. ¶37.)  Jones avers the following: Alltel's reporting of her account as delinquent was false and erroneous; Alltel has refused to give her an accounting; and Alltel's failure to correct or investigate her claims violates credit reporting practice standards that Alltel is legally bound to follow.  (Compl. ¶¶31-35.)  Jones's initial Complaint does not specify whether the law she refers to is state or federal, statutory or common law.  (Compl. ¶¶30-37.)  In Count II of her Amended Complaint, Jones specifically identifies the FCRA as the statute under which she is pursuing her claim.  (Amended Compl. ¶32.)  In most other respects, Count II of the Amended Complaint contains the same allegations as in Count II of the initial Complaint.

      **1.      General Purpose of FCRA**.

The FCRA, 15 U.S.C. § 1681, *et seq*., "is designed to protect consumers from inaccurate information in consumer reports by establishing credit reporting procedures" and "imposes distinct obligations on three types of entities; (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies." *Nelski v. Trans Union, LLC*, 86 Fed. Appx. 840, 843-844 (6th Cir. 2004)  "A consumer is authorized to

bring suit for willful or negligent violations of the responsibilities enumerated by the statute." *Id*. *citing* 15 U.S.C. §§ 1681n, 1681o.

### 2. Applicable Sections of FCRA.

Based upon the allegations, it is clear that Defendant Alltel only could be considered one of these types of entities – a furnisher of credit information (hereinafter "furnisher") to consumer reporting agencies. The duties of a furnisher are set forth in 15 U.S.C. § 1681s-2, which sets forth two separate duties upon furnishers.

The first duty is set forth in 15 U.S.C. § 1681s-2(a) ("§ 1681s-2(a)") and requires furnishers "to provide accurate information." More specifically, § 1681s-2(a) requires a furnisher to: (1) refrain from reporting information that is erroneous if the furnisher "knows or has reasonable cause to believe" the information is inaccurate; (2) refrain from reporting information if a consumer has notified it of an alleged inaccuracy and there is indeed a factual inaccuracy; (3) supply consumer reporting agencies ("CRA") with correct and complete information and update such information when it is incomplete; (4) refrain from reporting information that is disputed by a consumer without also notifying the CRA of the dispute; (5) supply CRAs with the information that an account has been closed or is delinquent; and (6) have reasonable procedures in place to respond to a notification from a CRA of identity theft.

The second duty is set forth in 15 U.S.C. § 1681s-2(b) ("§ 1681s-2(b)") and requires a furnisher, *who has received notice from a CRA* of a consumer dispute, to do the following: (1) conduct an investigation of the disputed information based on all relevant information provided by the CRA; (2) report the results of the investigation to the CRA; and (3) if the disputed information is found to be inaccurate, report such findings to all CRAs to which the inaccurate

6

information was reported.[5]

This Court will consider the facts alleged in Jones's complaints under these provisions. Alltel maintains that there is no private cause of action under the FCRA against furnishers of credit information. (Doc. No. 3 at 5.)

**3.      Private Cause of Action**.

Two sections of the FCRA expressly allow consumers to bring a private cause of action for a violation of the requirements set forth in the FCRA. *See* 15 U.S.C. §§ 1681n, 1681o. Federal courts are in general agreement, however, that a consumer may *not* bring a private cause of action based on an alleged violation of § 1681s-2**(a)**. *See, e.g.*, *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002); *Stafford v. Cross Country Bank*, 262 F. Supp.2d 776, 782 (W.D. Ky. 2003); *Fashakin v. Nextel Communs.*, 2006 U.S. Dist. LEXIS 45807 (E.D.N.Y. 2006); *Watson v. Trans Union Credit Bureau*, 2005 U.S. Dist. LEXIS 7376 at *10 (D. Me. 2005); *Nagle v. Direct Merchs. Credit Card Bank, N.A.*, 2006 U.S. Dist. LEXIS 29835 at *5 (E.D. Pa. 2006); *Dumas v. Dovenmuehle Mortg., Inc.*, 2005 U.S. Dist. LEXIS 13369 at *17 (N.D. Ill. 2005)

Some federal courts have held that subsequent provisions of § 1681s-2**(b)** created a private cause of action for a consumer. *See, e.g., Nelson v. Chase Manhattan Mortgage Co.*, 282 F.3d 1057, 1058 (9th Cir. 2002) (holding that § 1681s-2(b) creates a cause of action for a consumer against a furnisher of credit information.); *Hawthorne v. Citicorp Data Sys.*, 216 F.

---

[5] 15. U.S.C. § 1681 *et seq*. was amended in 2003. The operative events as alleged commence from June 18, 2003 and afterwards – exact dates are not provided. However, neither party argues that the amendments materially altered Alltel's duties or Jones's ability to bring a private cause of action.

Supp. 2d 45, 50 (E.D.N.Y. 2002) *opinion withdrawn and vacated*, 219 F.R.D. 47 (E.D.N.Y. 2003). The Sixth Circuit Court of Appeals has not decided whether there is a consumer cause of action under FCRA against a furnisher of credit information for failing to investigate a dispute after being notified by a consumer reporting agency. *See Downs v. Clayton Homes, Inc.*, 88 Fed. Appx. 851, 854 (6th Cir. 2004) ("If it is assumed that a private right of action exists under § 1681s-2(b), the plaintiff must show that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed."); *Zamos v. Asset Acceptance*, LLC, 423 F. Supp.2d 777, 788 (N.D. Ohio 2006).

Defendant Alltel argues that Jones only alleges that she personally notified Alltel of the dispute and has failed to allege that Alltel received notice from a consumer reporting agency. (Doc. No. 3 at 6.) Under *Downs*, Jones's failure to allege that she notified a credit reporting agency that in turn gave notice to Alltel is an omission that would be fatal to her claim. At first glance, Jones's Amended Complaint appears to cure this defect as she alleges that "[a]fter the credit bureaus and Ms. Jones alerted Alltel that the information was incorrect on her account, Alltel made no attempts to investigate ..." (Amended Compl. ¶18.) The parties, however, recently submitted a Joint Stipulation of Fact, which states as follows:

> [N]o notice was given to Alltel regarding the allegations contained in Plaintiff's Complaint, including but not limited to Plaintiff's dispute of charges allegedly made to her Alltel account while she was incarcerated and the alleged theft of Plaintiff's identity, until the filing of this lawsuit.

(Doc. No. 17.)

Given this stipulation, Jones's factual allegations are untenable. Although a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler,* 898 F.2d at 1199, a court "need not accept as true legal conclusions or unwarranted factual inferences."

8

*Morgan,* 829 F.2d at 12. As the factual stipulation contradicts the allegations of notice in Jones's Complaints, the allegations cannot be accepted as true. Because Jones cannot show Alltel received notice, her claim must necessarily fail. Therefore, Jones's FCRA claim contained in Count II of her Amended Complaint is hereby dismissed.

**C.     Count Three: Inflicton of Emotional Distress**.

In Count Three of the Amended Complaint, Jones avers the following: she tried to "correct" the matter; Alltel ignored her and the alleged identity theft; Alltel failed to conduct an investigation and continued to seek payment; and Alltel should have known that she did not make the disputed charges because she was in jail. (Amended Compl. ¶¶40-48.) Again, these allegations are entirely inconsistent with the parties' stipulation that Jones never notified Alltel of charges placed on her account while she was incarcerated or of the alleged identity theft until Jones filed this action.[6]

Under Ohio law, in order to bring a *prima facie* case for intentional infliction of emotional distress, Jones must demonstrate that: (1) Alltel either intended to cause emotional distress, or knew or should have known that its actions would result in serious emotional distress; (2) Alltel's conduct was so extreme and outrageous as to go beyond all possible bounds of decency, and would be considered utterly intolerable in a civilized community; (3) Alltel's actions proximately caused injury to plaintiff; and (4) the mental anguish Jones suffered is serious and of such a nature that no reasonable person could be expected to endure. *See, e.g., Ashcroft v. Mt. Sinai Med. Ctr.*, 68 Ohio App.3d 359, 588 N.E.2d 280 (Ohio 1990); *Jackson v.*

---

[6] Also, while Jones alleges that Alltel's collection tactics were severe, she also acknowledges that Alltel "at some point" sold the account to a collections agency. (Amended Compl. ¶¶17, 21.)

*Saturn of Chapel Hill, Inc.*, 2005-Ohio-5302, 2005 Ohio App. LEXIS 4821 at ¶23 (Ohio Ct. App. 2005); *Miller v. Premier Industrial Corp.*, 737 N.E.2d 594, 603 (Ohio App. Ct. 2000).

"It is well accepted that intentional infliction of emotional distress claims may entirely appropriately be dealt with on summary judgment or in a motion to dismiss." *Miller v. Currie*, 50 F.3d 373, 377-378 (6th Cir. 1995), *citing Rogers v. Targot Telemarketing Servs.*, 70 Ohio App. 3d 689, 591 N.E.2d 1332 (Ohio Ct. App. 1990); *accord Klusty v. Taco Bell Corp.*, 909 F. Supp. 516, 522-523 (S.D. Ohio 1995).

Jones's allegation that Alltel's conduct was outrageous because it refused to investigate or correct the allegedly fraudulent charges on her account is untenable. (Compl. ¶¶38-48; Amended Compl. ¶¶39-49.) Under Ohio law, "[i]t is generally recognized that a creditor has a right to take reasonable action to pursue his debtor and persuade payment ..." *See Housh v. Peth*, 165 Ohio St. 35, 133 N.E.2d 340, 346 (Ohio 1956). As the record regarding Alltel's collections actions is undeveloped, the Court declines to make any finding as to the "reasonableness" of Alltel's collection efforts. However, to prevail on her intentional infliction of emotional distress claim, Jones would have to demonstrate that Alltel's conduct was extreme and outrageous and not merely unreasonable. Because Jones concedes that Alltel was not notified of the charges incurred during her incarceration or of the alleged identity theft, Alltel's failure to investigate cannot be construed to be so extreme and outrageous as to go beyond all possible bounds of decency.  In addition, due to Jones's failure to provide notice of any fraud until the filing of this lawsuit, Jones has not pled any factual allegations that could demonstrate Alltel either intended to cause emotional distress, or knew or should have known that its actions would result in serious emotional distress.

For the foregoing reasons, Alltel's Motion to Dismiss Count III of Jones's Amended Complaint is GRANTED.

### IV.  Conclusion

In summary, Jones's Motion to Amend the Complaint *Instanter* (Doc. No. 6) is granted. Defendant Alltel's Motion to Dismiss is deemed renewed through its Memorandum In Opposition to Jones's Motion to Amend, wherein Alltel argued that the claims in the Amended Complaint fail as a matter of law.  (Doc. No. 10.)  For the foregoing reasons, Defendant Alltel's Motion to Dismiss (Doc. No. 3) is GRANTED.  Jones's Motion to Remand to state court (Doc. No. 8) is hereby rendered moot.

IT IS SO ORDERED.

/s/ Nancy A. Vecchiarelli<br>U.S. Magistrate Judge

Date: June 14, 2007